```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------X
ROBERT WILSON,

                Plaintiff,
                                                ORDER
           -against-                            21-CV-4815(JS)(AYS)

THE SUFFOLK COUNTY
     DISTRICT ATTORNEY, et al.,

                Defendants.
-------------------------------X
APPEARANCES
For Plaintiff:      Robert Wilson, Pro Se
                    77 Mastro Road
                    Calverton, New York 11933

For Defendant:      No appearances.
```

SEYBERT, District Judge:

On August 26, 2021, Plaintiff Robert Wilson ("Plaintiff") commenced this civil rights action pursuant to 42 U.S.C. § 1983, filing an unverified Complaint. (See ECF No. 1.) In doing so, he requests permission to proceed without prepaying the required filing fee. (See Motion for Leave to Proceed in forma pauperis ("Motion to Proceed IFP"), ECF No. 3.) For the reasons that follow, the Motion to Proceed IFP is denied without prejudice to renew.

Pursuant to 28 U.S.C. § 1914(a), "The clerk of each district court shall require the parties instituting any civil action, suit or proceeding in such court, whether by original process, removal or otherwise, to pay a filing fee of $350 . . .

."[1]  Further, pursuant to Local Civil Rule 1.7(a), "The Clerk shall not be required to render any service for which a fee is prescribed by statute or by the Judicial Conference of the United States unless the fee for the particular service is paid to the Clerk in advance or the Court orders otherwise."  See also Local Civil Rule 1.7, Committee Note ("Local Civil Rule 1.7(a) serves a useful purpose in light of 28 U.S.C. § 1914(c), which provides that '[e]ach district court by rule or standing order may require advance payments of fees.'").

In seeking to proceed IFP, Plaintiff submitted the Administrative Office's Short Form application (hereafter, the "IFP Short Form").  (See ECF No. 3.)  In completing said IFP Short Form, Petitioner indicates he receives no gross pay or wages (see response to Question No. 2), has no income from, inter alia, a business or self-employment (see response to Question No. 3(a)), but receives income from "[p]ension, annuity, or life insurance payments" and "[d]isability, or worker's compensation payments" (see response to Questions No. 3(c)&(d)).  However, he fails, as required, to describe "each source of money" or state the amount that he receives and what he expects to receive in the future. (See IFP Short Form, Question No. 3 ("If you answered "Yes" to any

---

[1] The District Court's Miscellaneous Fee Schedule adds a $52.00 "administrative fee" for filing any civil action in the district court.  Thus, this Court collects a $402.00 filing fee.

question above, describe below or on separate pages each source of money and state the amount that you received and what you expect to receive in the future." (emphasis in original)).)  In the absence of that information, the Court cannot assess whether Plaintiff is entitled to proceed IFP.  Therefore, it declines to enter an order relieving Plaintiff of the obligation of prepaying the required filing fee.  As a result, at this time, no further action shall be taken in this case.

        Accordingly, **IT IS HEREBY ORDERED**:

(A) Plaintiff's Motion to Proceed IFP is DENIED without prejudice to renew in accordance with the instructions herein;

(B) If Plaintiff intends to proceed with this action, by no later than 14 days from the date of this Order, Plaintiff is to either:

    (1) Pay the full filing fee of $402.00; or

    (2) Submit the IFP Long Form for the Court's consideration.

**Plaintiff is ON NOTICE**: Failure to timely pay the required filing fee or submit the IFP Long Form **will** result in this action being dismissed without prejudice and without further notice.

        **IT IS FURTHER ORDERED** that the Clerk of Court is directed to mail a copy of this Order to the pro se Plaintiff at his address of record, together with the IFP Long Form; and

**IT IS FURTHER ORDERED** that pursuant to 28 U.S.C. § 1915(a)(3), the Court certifies that any appeal from this Order would not be in good faith and therefore IFP status is DENIED for the purpose of any appeal.  See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:  August  27 , 2021
        Central Islip, New York