UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------X
ROBERT WILSON,

           Plaintiff,

                                   ORDER
      -against-                     21-CV-4815(JS)(AYS)

THE SUFFOLK COUNTY
    DISTRICT ATTORNEY, et al.,

           Defendants.
------------------------------X
APPEARANCES
For Plaintiff:      Robert Wilson, pro se
                 77 Mastro Road
                 Calverton, New York 11933

For Defendants
David Hegermiller &
Yvette Aguiar:      Cheryl Berger, Esq.
                 Devitt Spellman Barrett, LLP
                 50 Route 111, Suite 314
                 Smithtown, New York 11787

For the Remaining
Defendants:         No appearances.


SEYBERT, District Judge:

        On August 26, 2021, Plaintiff Robert Wilson ("Plaintiff") commenced this civil rights action pursuant to 42 U.S.C. § 1983, filing an unverified Complaint, together with a temporary restraining order ("TRO") pursuant to Rule 65(b) of the Federal Rules of Civil Procedure (the "TRO Application"), against several New York State, Suffolk County, and Southold and Riverhead

officials.  (See Compl., ECF No. 1; TRO App., ECF No. 2.)[1]  Having denied without prejudice Plaintiff's request to proceed in forma pauperis ("IFP"), the Court directed Plaintiff, on or before September 14, 2021, to either (1) pay the full filing fee, or (2) submit the IFP long form for the Court's consideration.  (Aug. 27, 2021 Order, ECF No. 5.)  On September 15, 2021, one day after the deadline and the Court's order dismissing this case for failure to prosecute and comply with the Court's Order (see Sept. 14, 2021 Elec. Order), Plaintiff remitted the full filing fee (see Sept. 15, 2021 Docket Entry regarding Filing Fee (receipt number 31609)). In response, Defendants David Hegermiller and Yvette Aguiar (the "Riverhead Defendants") filed a letter motion requesting the Court enter judgment closing this action, pursuant to the Court's September 14, 2021 Electronic Order, or, in the event the Court re-opens the case, extend their deadline to answer or otherwise move.  (ECF No. [9].)

        This Order first addresses Plaintiff's late payment of the filing fee, before turning to the TRO Application, which, for the reasons that follow, is DENIED.

---

[1] Plaintiff filed proof of service of a copy of the Complaint and his TRO Application on September 2, 2021.  (ECF No. 6.)  There is no indication that Plaintiff also served the Defendants with summonses.  (See id.)

<u>PLAINTIFF'S REQUEST TO RE-OPEN THIS CASE</u>

First, as noted <u>supra</u>, Plaintiff failed to timely comply with this Court's August 27, 2021 Order.  As a result, in an order dated September 14, 2021, the Court dismissed this case without prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b) and to comply with the Court's August 27, 2021 Order.  (<u>See</u> Sept. 14, 2021 Elec. Order.)  Pursuant to the September 14, 2021 Electronic Order, the Court directed the Clerk of the Court to terminate Plaintiff's pending TRO Application, enter judgment accordingly, and mark this case closed.  (<u>Id.</u>)

Nevertheless, on September 15, 2021, Plaintiff paid the full filing fee, which was processed by the Clerk's Office.  Notwithstanding Plaintiff's failure to comply with the Court's order, out of an abundance of caution, and given his <u>pro se</u> status and the fact that he missed the deadline by only one day, the Court deems Plaintiff's payment of the filing fee as a request to re-open the case, GRANTS the request over the Riverhead Defendants' objections, and directs the Clerk of the Court to re-open this case and reinstate the TRO Application.  However, **Plaintiff is <u>WARNED</u>** that if he intends to proceed with this action, he must comply with the Federal Rules of Civil Procedure, the Eastern District of New York's Local Rules, this Court's Individual Rules, and all Court-ordered deadlines.  <u>See</u> <u>Bell v. Jendell</u>, 980 F. Supp. 2d 555, 559 (S.D.N.Y. 2013) ("[T]he liberal treatment afforded to

pro se litigants does not exempt a pro se party from compliance with relevant rules of procedural and substantive law.").

Next, the Court considers Plaintiff's TRO Application.

TRO APPLICATION

Pursuant to Rule 65(b), inter alia:

> The court may issue a [TRO] without written or oral notice to the adverse party of its attorney only if:
>
> (A) Specific facts in the affidavit or verified complaint clearly show that immediate and irreparable injury, loss, or damages will result to the movant before the adverse party can be heard in opposition; and
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

FED. R. CIV. P. 65(b)(1)(A)&(B) (emphasis added). Moreover, while pro se parties are afforded a certain solicitude by the courts, such as having their pleadings construed liberally and interpreted to raise the strongest arguments that they suggest, see Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006), they are nonetheless "generally . . . required to inform themselves regarding procedural rules and to comply with them." Caidor v. Onondaga County, 517 F.3d 601, 605 (2d Cir. 2008) (quoting Edwards v. INS, 59 F.3d 5, 8 (2d Cir. 1995) (citation omitted)).

4

Here, in the absence of a supporting affidavit or a verified complaint, there are no specific facts before the Court clearly showing "any immediate and irreparable injury, loss, or damages" that will result to Plaintiff, the movant seeking injunctive relief.  Rather, from a review of Plaintiff's Complaint and TRO Application, which are vague on details, the Court gleans that Defendant Suffolk County District Attorney is investigating Plaintiff for a complaint arising out of his home improvement business and for complaints brought by former employees regarding nonpayment of wages; it is not clear whether formal charges have been brought against Plaintiff.  Further, Plaintiff purports that these investigations violate his Fifth, Sixth, and Fourteenth Amendment rights.  Having reviewed Plaintiff's limited submissions, the Court finds he has not made a clear showing that he can carry his burden of persuasion warranting the granting of his TRO Application, which seeks an "extraordinary and drastic remedy."  See, e.g., Free Country Ltd v. Drennen, 235 F. Supp. 3d 559, 565 (S.D.N.Y. 2016) (quoting JBR, Inc. v. Keurig Green Mountain, Inc., 618 F. App'x 31, 33 (2d Cir. 2015)).  Indeed, in his TRO Application, Plaintiff fails to address the factors considered by courts in this Circuit to determine whether injunctive relief is warranted, such as irreparable harm absent injunctive relief, likelihood of success on the merits, and that the balance of hardships and public interest tip decidedly in the

5

moving party's favor.  Sterling v. Deutsche Bank Nat'l Trust Co. as Trustees for Femit Trust 2006-FF6, 368 F. Supp. 3d 723, 727 (S.D.N.Y. 2019) (citing Weaver v. Schiavo, 750 F. App'x 59, 60 (2d Cir. 2019)).

CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that the Clerk of the Court RE-OPEN this case and REINSTATE the TRO Application pending at ECF No. 2;

**IT IS FURTHER ORDERED** that the Riverhead Defendants' letter motion (ECF No. 9) is DENIED to the extent it requests entry of judgment closing this action, and GRANTED to the extent it seeks a thirty-day extension to respond to Plaintiff's Complaint;

**IT IS FURTHER ORDERED** the TRO Application is DENIED;

**IT IS FURTHER ORDERED** that the Clerk of Court mail a copy of this Order to the pro se Plaintiff at his address of record; and

**IT IS FURTHER ORDERED** that pursuant to 28 U.S.C. § 1915(a)(3), the Court certifies that any appeal from this Order would not be in good faith and therefore in forma pauperis status is DENIED for the purpose of any appeal.  See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.


__/s/ JOANNA SEYBERT__
Joanna Seybert, U.S.D.J.


Dated:  September __22__, 2021
        Central Islip, New York