Robert Wilson
77 Mastro Road
Calverton, NY 11933

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAY 23 2022 ★
LONG ISLAND OFFICE

May 19, 2022

Honorable Anna Y. Shields
United States District Judge
Eastern District of New York
940 Federal Plaza
Central Islip, New York 11722

Re: Wilson v. Cuomo, et al.
Civil Action No. CV-21-4815
(Brown, G.) (Shields, A.Y.)

Dear Judge Shields

On December 20, 2021, I filed a requested for a certificate of Default for Defendants Suffolk County, Southold Town, The United States Government, and the State of New York. I have not heard a word from this court except they let both The United States Government and the State of New York file motion after default without providing a reason and having a hearing to determine if they had a legitimate excuse for their default, which they do not.

I have followed all of the process as stated in FRCP 55 and the Defendants have not provided any of the reason for Relief in FRCP 60 which are attached below. The problem here is the Court and the Clerk has failed to follow the process as stated in the FRCP or Common Law which Constitutionally Govern Civil Procedures under the 7th Amendment. I make demand that the Default Judgement be enter no latter then May 20, 2022, as the Court and the Clerk have long since defaulted on their duties and violated my rights to equal protection under the 14th Amendment and their authority under Article 1, Section 8 Clause 15.

Sincerely

*[signature]*

Robert Wilson, Pro Se

Copy To All Defendants By Mail

Robert Wilson
77 Mastro Road
Calverton, NY 11933

Rule 55. Default; Default Judgment

(a) Entering a Default. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.

(b) Entering a Default Judgment.

(1) By the Clerk. If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.

(2) By the Court. In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. The court may conduct hearings or make referrals—preserving any federal statutory right to a jury trial—when, to enter or effectuate judgment, it needs to:

(A) conduct an accounting;

(B) determine the amount of damages;

(C) establish the truth of any allegation by evidence; or

(D) investigate any other matter.

(c) Setting Aside a Default or a Default Judgment. The court may set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b).

(d) Judgment Against the United States. A default judgment may be entered against the United States, its officers, or its agencies only if the claimant establishes a claim or right to relief by evidence that satisfies the court.

Rule 60. Relief from a Judgment or Order

Primary tabs

(a) Corrections Based on Clerical Mistakes; Oversights and Omissions. The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice. But after

Robert Wilson
77 Mastro Road
Calverton, NY 11933

an appeal has been docketed in the appellate court and while it is pending, such a mistake may be corrected only with the appellate court's leave.

(b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

(c) Timing and Effect of the Motion.

(1) Timing. A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.

(2) Effect on Finality. The motion does not affect the judgment's finality or suspend its operation.

(d) Other Powers to Grant Relief. This rule does not limit a court's power to:

(1) entertain an independent action to relieve a party from a judgment, order, or proceeding;

(2) grant relief under 28 U.S.C. §1655 to a defendant who was not personally notified of the action; or

(3) set aside a judgment for fraud on the court.

(e) Bills and Writs Abolished. The following are abolished: bills of review, bills in the nature of bills of review, and writs of coram nobis, coram vobis, and audita querela.

Robert Wilson
27 Mastro Road
Calverton, NY 11933

Court Clerk
US District Court
Eastern District of NY
940 Federal Plaza
Central Islip NY 11722

MID-ISLAND NY 117
18 MAY 2022 PM 1 L

11722-4469