UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------X
ROBERT WILSON,

                                                    **REPORT AND**
                                                    **RECOMMENDATION**
                              Plaintiff,            CV 21–4815 (GRB)(AYS)

              -against-

ANDREW M. CUOMO, et al.,


                              Defendants.
--------------------------------------------------X
**SHIELDS, Magistrate Judge,**

         Pro se plaintiff Robert Wilson ("Wilson" or "Plaintiff") commenced this action against,

inter alia, Yvette Aguiar ("Aguiar"), Town Supervisor of the Town of Riverhead, and David

Hegermiller ("Hegermiller"), Chief of Police of the Town of Riverhead (collectively the

"Riverhead Defendants"), alleging constitutional violations arising out of matters with the New

York State Department of Labor, Licensing & Consumer Affairs in 2018, and an incident that

occurred at his home in January 2021.

         Presently before this Court, upon referral by the Honorable Gary R. Brown for Report

and Recommendation, see Order Referring Motions dated 05/03/2022, is the Riverhead

Defendants' motion to dismiss the Complaint pursuant to Rules 12(b)(2), (4), (5) and (6) of the

Federal Rules of Civil Procedure. See Docket Entry ("DE") [21]. As discussed below, this Court

respectfully recommends that the Riverhead Defendants' motion to dismiss be granted in its

entirety.

                                      BACKGROUND

I.       Documents Considered


                                            1

As is required in the context of this motion to dismiss, the factual allegations in the Complaint, though disputed by Defendants, are accepted to be true for purposes of this motion, and all reasonable inferences are drawn therefrom in favor of the Plaintiff.

While facts to consider in the context of a Rule 12 motion to dismiss are generally limited to those set forth in the pleadings, a court may consider matters outside of the pleadings under certain circumstances. Specifically, in the context of a Rule 12(b)(6) motion, a court may consider: (1) documents attached to the Complaint as exhibits or incorporated by reference therein; (2) matters of which judicial notice may be taken; or (3) documents upon the terms and effects of which the Complaint "relies heavily" and which are, thus, rendered "integral" to the Complaint." Chambers v. Time Warner, Inc., 282 F.3d 147, 152-153 (2d Cir. 2002); see Int'l Audiotext Network, Inc. v. Am. Tel. and Tel. Co., 62 F.3d 69, 72 (2d Cir. 1995). Moreover. "[a] court may take judicial notice of documents filed in another court not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings." Glob. Network Commc'ns, Inc. v. City of New York, 458 F.3d 150, 157 (2d Cir. 2006) (quoting Int'l Star Class Yacht Racing Ass'n Tommy Hilfiger U.S.A., Inc., 146 F.3d 66, 70 (2d Cir. 1998)).

Where, as here, the complaint was filed pro se, it must be construed liberally with "special solicitude" and interpreted to raise the strongest claims that it suggests. Hill v. Curcione, 657 F.3d 116, 122 (2d Cir. 2011) (internal quotation marks omitted). Nonetheless, a pro se complaint must state a plausible claim for relief. See Harris v. Mills, 572 F.3d 66, 73 (2d Cir. 2009).

The Court turns now to discuss the facts set forth in Plaintiff's Complaint, construed in his favor.

II.    Facts

    A.    Background

        1.    Facts Relevant to Plaintiff's Claims Against the Riverhead Defendants

With regard to facts relevant to the Riverhead Defendants, Plaintiff alleges that on January 15, 2021, the Riverhead Town Police, in conjunction with other law enforcement entities, participated in Plaintiff's alleged assault and subsequent arrest at his home based on a warrant obtained by the Southold Town Police. See Complaint ("Compl.") at p. 28, DE [1].[1] Plaintiff further alleges that after his arrest, he was denied medical care. Id.

    B.    Procedural History

Plaintiff commenced this action on August 26, 2021.  See Compl. That same day Plaintiff filed a motion for a temporary restraining order ("TRO") as well a motion for leave to proceed in forma pauperis. See DE [2], [13]. Plaintiff's in forma pauperis motion was denied on August 27, 2021. DE [5]. Plaintiff was directed to either set forth his current financial position on the Application to Proceed in District Court without Prepaying Fees or Costs (Long Form) (AO239) or remit the filing fee within two weeks of August 27, 2021. Id. On September 14, 2021, Plaintiff's case was dismissed without prejudice due to his failure to comply with the Court's August 27, 2021 Order. See Electronic Order Dismissing Case dated 09/14/2021.

On September 15, 2021, Plaintiff paid the filing fee and on September 22, 2021, the District Court reopened the case, reinstated Plaintiff's motion for a TRO, and denied it. See DE [10].

_____

[1] For ease of reference, page numbers referenced herein are numbers assigned to pages on electronically filed documents, and not to the underlying documents themselves except for page numbers referenced in cases.

The Riverhead Defendants sought leave to move to dismiss the Complaint on October 22, 2021. DE [11]. On November 2, 2021, the District Court waived its pre-motion conference requirement, granted the Riverhead Defendants' request for leave to move to dismiss the Complaint, and issued a briefing schedule. Electronic Order dated 11/02/2021. That same day, Plaintiff filed his opposition to the Riverhead Defendants' request for leave to move to dismiss the Complaint. DE [13]. On November 3, 2021, in response to Plaintiff's opposition, the District Court liberally construed Plaintiff's letter as a request to reconsider its November 2, 2021 Electronic Order. Electronic Order dated 11/03/2021. The Court granted Plaintiff's request to reconsider, and upon consideration denied the request to deny the Riverhead Defendants' request to file their motion. Id. The Court noted that Plaintiff could raise the arguments asserted in his letter in opposition to the Riverhead Defendants' forthcoming motion to dismiss. Id. Finally, the Court directed that all deadlines set forth in the Court's November 2, 2021 Electronic Order shall remain in force. Id.

On December 6, 2021, following the Riverhead Defendants' request for an extension of the briefing schedule, and the Court's granting thereof, the Riverhead Defendants moved to dismiss the Complaint. DE [21]. On December 20, 2021, Plaintiff filed his opposition. DE [23], [24]. On May 3, 2022, the Honorable Gary R. Brown[2] referred the motion to dismiss to the undersigned for report and recommendation. See Order Referring Motions dated 05/03/2022.

III.    The Motion to Dismiss

The Riverhead Defendants move to dismiss all claims. First, the Riverhead Defendants argue that the Court lacks jurisdiction because the Riverhead Defendants were never served with

---

[2] Subsequent to the filing of the instant motion to dismiss, on December 20, 2021, due to the recusal of the Honorable Joanna Seybert, the case was transferred to the Honorable Gary R. Brown.

a summons, and the time within which to have served them has expired. The Riverhead

Defendants also assert that the Complaint violates Rule 8 of the Federal Rules of Civil Procedure

because it is "confusing and unintelligible." Memorandum of Law in Support of Motion To

Dismiss Pursuant to Fed. R. Civ. P. Rule 12 By Town of Riverhead Defendants ("Defs.' Br."), at

6, DE [21-5]. Finally, the Riverhead Defendants contend that the Complaint warrants dismissal

because it fails to allege the personal involvement of the Riverhead Defendants and violates the

rule against group pleading.

The Court now turns to the merits of the motion.

<u>DISCUSSION</u>

I.      <u>Legal Principles: Standards Applicable on Motions to Dismiss</u>

The Riverhead Defendants move the Court pursuant to Rules 12(b)(2), 12(b)(4) and

12(b)(5) of the Federal Rules of Civil Procedure. Rule 12(b)(2) provides for the defense of "lack

of personal jurisdiction." <u>See</u> Fed. R. Civ. P. 12(b)(2). Rule 12(b)(4) provides for the defense of

"insufficient process." <u>See</u> Fed. R. Civ. P. 12(b)(4). Rule 12(b)(5) provides for the defense of

"insufficient service of process." <u>See</u> Fed. R. Civ. P. 12(b)(5). The Court addresses the process-

related defenses before turning to the Rule 12(b)(6) motion.

A.      <u>Rule 12(b)(2)</u>

On a motion to dismiss for lack of personal jurisdiction pursuant to Rule 12(b)(2) of the

Federal Rules of Civil Procedure, "[a] plaintiff bears the burden of demonstrating personal

jurisdiction over a person or entity against whom it seeks to bring suit." <u>Troma Entm't, Inc. v.</u>

<u>Centennial Pictures Inc.</u>, 729 F.3d 215, 217 (2d Cir. 2013) (citing <u>Penguin Grp. (USA) Inc. v.</u>

<u>Am. Buddha</u>, 609 F.3d 30, 34 (2d Cir. 2010)). The showing a plaintiff must make to meet that

burden is governed by a "sliding scale," which "'varies depending on the procedural posture of

the litigation.'" <u>Dorchester Fin. Sec., Inc. v. Banco BRJ, S.A.</u>, 722 F.3d 81, 84 (2d Cir.

2013) (quoting <u>Ball v. Metallurgie Hoboken–Overpelt, S.A.</u>, 902 F.2d 194, 197 (2d Cir. 1990)).

If a defendant challenges personal jurisdiction by filing a Rule 12(b)(2) motion, "the plaintiff

need only make a *prima facie* showing that the court possesses personal jurisdiction over the

defendant." <u>JCorps Int'l, Inc. v. Charles & Lynn Schusterman Family Found.</u>, 828 F. App'x 740,

742 (2d Cir. 2020) (quoting <u>DiStefano v. Carozzi N. Am., Inc.</u>, 286 F.3d 81, 84 (2d Cir.

2001)); <u>see</u> <u>also</u> <u>Holmes v. Apple</u>, 797 F. App'x 557, 559 (2d Cir. 2019) (summary order) ("A

plaintiff has the burden of establishing personal jurisdiction over an entity against which it seeks

to bring suit, and to survive a motion to dismiss for lack of such jurisdiction, 'a plaintiff must

make a *prima facie* showing that jurisdiction exists.'" (quoting <u>Penguin Grp. (USA) Inc.</u>, 609

F.3d at 34–35)); <u>Eades v. Kennedy, PC Law Offs.</u>, 799 F.3d 161, 167–68 (2d Cir. 2015) (same).

Prior to discovery, a plaintiff need only plead "an averment of facts that, if credited by the

ultimate trier of fact, would suffice to establish jurisdiction over the defendant." <u>Holmes</u>, 797 F.

App'x at 559 (quoting <u>Chloé v. Queen Bee of Beverly Hills, LLC</u>, 616 F.3d 158, 163 (2d Cir.

2010)); <u>see also</u> <u>Dix v. Peters</u>, 802 F. App'x 25, 27 (2d Cir. 2020) ("Where the district court

grants a Rule 12(b)(2) motion without an evidentiary hearing, we credit the plaintiff's averment

of jurisdictional facts as true.") (citing <u>Metro. Life Ins. Co. v. Robertson–Ceco Corp.</u>, 84 F.3d

560, 567 (2d Cir. 1996)); <u>Chirag v. MT Marida Marguerite Schiffahrts</u>, 604 F. App'x 16, 19 (2d

Cir. 2015) ("A *prima facie* case requires non-conclusory fact-specific allegations or evidence

showing that activity that constitutes the basis of jurisdiction has taken place." (citing <u>Jazini v.

Nissan Motor Co.</u>, 148 F.3d 181, 185 (2d Cir. 1998))). After discovery, the plaintiff's "*prima

facie* showing must be factually supported." <u>See</u> <u>Dorchester Fin. Sec.</u>, 722 F.3d at

85 (quoting <u>Ball</u>, 902 F.2d at 197). "Conclusory allegations based only on information and belief

are not sufficient" to provide such factual support. McGlone v. Thermotex, Inc., 740 F. Supp. 2d 381, 383 (E.D.N.Y. 2010) (citing Jazini, 148 F.3d at 183–84).

The court must "construe the pleadings and any supporting materials in the light most favorable to the plaintiffs." Licci ex rel. Licci v. Lebanese Can. Bank, SAL (Licci IV), 732 F.3d 161, 167 (2d Cir. 2013) (citing Chloé, 616 F.3d at 163); see also Grundstein v. Eide, 598 F. App'x 45, 46 (2d Cir. 2015) (citing DiStefano, 286 F.3d at 84). However, the court need not "accept as true a legal conclusion couched as a factual allegation." In re Terrorist Attacks on Sept. 11, 2001, 714 F.3d 659, 673 (2d Cir. 2013) (quoting Jazini, 148 F.3d at 185).

B.    Rule 12(b)(4) &(5)

"Objections to sufficiency of process under Fed. R. Civ. P. 12(b)(4) must identify substantive deficiencies in the summons, complaint or accompanying documentation." DiFiilippo v. Special Metals Corp., 299 F.R.D. 348, 352–53 (N.D.N.Y. 2014) (citation omitted). "[A] Rule 12(b)(4) motion is proper only to challenge noncompliance with the provisions of Rule 4(b) or any applicable provision incorporated by Rule 4(b) that deals specifically with the content of the summons." Jackson v. City of N.Y., No. 14–CV–5755 (GBD)(KNF), 2015 WL 4470004, at *4 (S.D.N.Y. June 26, 2015) (quoting 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1353 (3d ed. 2004)).

A Rule 12(b)(5) motion is the proper procedural vehicle for challenging the mode of delivery or lack of delivery of the summons and complaint. Id.  "[I]n considering a motion to dismiss pursuant to Rule 12(b)(5) for insufficiency of process, a Court must look to matters outside the complaint to determine whether it has jurisdiction." Darden v. DaimlerChrysler N. Am. Holding Corp., 191 F. Supp. 2d 382, 387 (S.D.N.Y. 2002). "When a defendant raises a Rule 12(b)(5) 'challenge to the sufficiency of service of process, the plaintiff bears the burden of

proving its adequacy.'" <u>Mende v. Milestone Tech., Inc.</u>, 269 F. Supp. 2d 246, 251 (S.D.N.Y. 2003) (citation omitted).

      C.    <u>Rule 12(b)(6)</u>

To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678-79 (2009) (quoting, <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)); <u>see</u> <u>also</u> <u>Arista Records, LLC v. Doe 3</u>, 604 F.3d 110, 119–20 (2d Cir. 2010). Facial plausibility is established by pleading sufficient factual content to allow a court to reasonably infer the defendant's liability. <u>Twombly</u>, 550 U.S. at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Id.</u> at 555. Nor is a pleading that offers nothing more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action," sufficient. <u>Iqbal</u>, 556 U.S. at 678 (2009) (quoting <u>Twombly</u>, 550 U.S. at 555).

District courts are "obligated to construe <u>pro</u> <u>se</u> complaint [s] liberally," <u>Harris v. Mills</u>, 572 F.3d 66, 72 (2d Cir. 2009), interpreting them "to raise the strongest arguments that they suggest," <u>Triestman v. Fed. Bureau of Prisons</u>, 470 F.3d 471, 474 (2d Cir. 2006). Courts may not, however, read into <u>pro</u> <u>se</u> submissions claims inconsistent with the <u>pro</u> <u>se</u> litigant's allegations, <u>Phillips v. Girdich</u>, 408 F.3d 124, 127 (2d Cir. 2005) (citation omitted), or arguments that the submissions themselves do not "suggest," <u>Pabon v. Wright</u>, 459 F.3d 241, 248 (2d Cir. 2006). <u>Pro</u> <u>se</u> status "does not exempt a party from compliance with relevant rules of procedural and substantive law." <u>Traguth v. Zuck</u>, 710 F.2d 90, 95 (2d Cir. 1983) (citation omitted).

With these standards in mind, the Court turns to assess the viability of Plaintiff's claims.

II.    <u>Deficiencies In Service</u>

A.    <u>Insufficient Service</u>

The Federal Rules of Civil Procedure (the "Federal Rules") set forth a list of the content

that a summons must contain. That list includes the signature of the clerk and the Court's

seal. <u>See</u> Fed. R. Civ. P. 4(a)(1)(F)–(G). "Although minor or technical defects in a summons in

certain circumstances do not render service invalid, defects that are prejudicial to the defendant

or show a flagrant disregard for the rule do." <u>Osrecovery, Inc. v. One Grp. Int'l, Inc.</u>, 234 F.R.D.

59, 60 (S.D.N.Y. 2005). Courts in the Second Circuit appear to be split as to whether serving an

unsealed, unsigned summons constitutes flagrant disregard for the rule. <u>Compare</u> <u>Macaluso v.</u>

<u>N.Y. State Dep't of Envtl. Conservation</u>, 115 F.R.D. 16, 18 (E.D.N.Y. 1986) ("This Court ... does

not view service of an unsigned, unsealed summons not issued by the court clerk as a mere

technical defect. Instead, it amounts to a complete disregard of the requirements of process set

forth clearly and concisely in Rule 4. Accordingly, the Court declines to exercise its discretion to

grant leave to amend process."), <u>and</u> <u>Bd. of Educ. of Smithtown Cent. Sch. Dist. v. Factor</u>, No.

88 CV 2760, 1989 WL 47707, at *2 (E.D.N.Y. Apr. 27, 1989) ("Service of an unsigned and

unsealed summons is not a harmless error that can be cured *nunc pro tunc* pursuant

to Rule 4(h).[3]"), <u>with</u> <u>Douglass v. Fletcher Allen Health Care, Inc.</u>, No. 1:04–CV–256, 2005 WL

1114357, at *1 (D. Vt. May 5, 2005) ("An unsigned, unsealed summons 'goes to form rather

than substance ...' and '[a]mendments are liberally allowed as courts should not deny a plaintiff

her day in court due to technical imperfections in service.'") (quoting <u>Durant v. Traditional Invs.,</u>

---

[3] Fed. R. Civ. P. 4(h) then stated, "[a]t any time in its discretion and upon such terms as it deems just, the court may allow any process or proof of service thereof to be amended, unless it clearly appears that material prejudice would result to the substantial rights of the party against whom the process issued." <u>See</u> <u>Krieger v. Am. Express Fin. Advisors</u>, No. 98–CV–0782E, 2000 WL 207119, at *4 n. 4 (W.D.N.Y. Feb. 16, 2000). Fed. R. Civ. P. 4(a)(2) currently provides, "[t]he court may permit a summons to be amended," which "replaces the rarely used former subdivision 4(h)." Fed R. Civ. P. 4(a) advisory committee's note to 1993 amendment.

_Ltd._, No. 88 Civ. 9048 (PKL), 1990 WL 33611, at *4, (S.D.N.Y. Mar. 22, 1990)) (alterations in original), and Krieger v. Am. Express Fin. Advisors, No. 98–CV–0782E, 2000 WL 207119, at *4 (W.D.N.Y. Feb. 16, 2000) (distinguishing the facts of the case from those in Macaluso, holding, "given the unique circumstances of a then-_pro se_ plaintiff and the granting of the _nunc pro tunc_ motion, this Court regards the absence of the Clerk's signature and the Court's seal as mere technical defects"); see also DeLuca v. AccessIT Grp., Inc., 695 F. Supp. 2d 54, 65–66 (S.D.N.Y. 2010) (collecting cases).

Here, the Affidavits of Service do not reflect service of the summons on any Defendant, nor are the Affidavits signed by the Clerk of the Court advising defendants to respond to the Complaint or risk entry of a default judgment. See DE [6]. Here, the deficiency in service did not involve a minor or technical failure, such as misspelling a defendant's name or referring to the complaint for the proper caption, but a complete disregard for the requirement that a summons be served. Plaintiff does not dispute that he failed to serve a summons, nor does he indicate that he ever attempted to do so. Instead, he argues that his failure to serve a summons was technical because the defendants were served in a prior case, which was dismissed and that the "Court Clerk treated this compliant [sic] as an amendment to the pleading under the first case . . . ." Memorandum of Constitutional Law in Demand for Rejection of Riverhead Defendants Unconstitutional Motion ("Pl.'s Opp."), at 5, DE [24]. As Plaintiff's failure to serve a summons constituted a flagrant disregard of Rule 4, service of process was ineffective. Cf. Bloom v. Democratic Nat'l Comm., No. 01 Civ.11598 (RWS), 2002 WL 31496272, at *2 (S.D.N.Y. Nov.6, 2002) (failure to serve a summons renders service of process "fatally defective").

B.     Insufficient Service of Process

The Federal Rules provide a timeframe during which the summons and complaint must be served on a defendant:

> If a defendant is not served within 90 days after the complaint is filed, the court— on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

Plaintiff commenced this action on August 26, 2021. The instant motion was filed on December 6, 2021. Thus, more than 90 days had elapsed at the time of the filing of this motion. To date, no summones have been purported to be filed in this action.

As excerpted above, Fed. R. Civ. P. 4(m) instructs courts to dismiss an action in which service was made untimely without prejudice or order that service be made within a certain amount of time, thereby granting the court a degree of discretion. See Fed. R. Civ. P. 4(m). However, if the court finds that Plaintiff has shown good cause for the failure of timely service, the court must grant an extension of time to effect service. Id. The Court must, therefore, analyze whether good cause has been shown.

"Good cause ... is evidenced only in exceptional circumstances, where the insufficiency of service results from circumstances beyond the plaintiff's control." Feingold v. Hankin, 269 F. Supp. 2d 268, 276 (S.D.N.Y. 2003). Further, "[a]n attorney's ignorance of the rules, inadvertence, neglect, or mistake do not constitute good cause." Id. Factors courts consider in determining whether good cause exists include: "1) whether the party exhibited reasonable diligence or made a reasonable effort to effect service, and 2) whether there is any prejudice to the defendants as a result of the delay." Id.

Here, Plaintiff has not offered a reason for his failure to serve the summons, nor does he suggest that he ever attempted to serve it. Instead, he argues that service of the original Complaint, and service in a non-related prior action should rebut the Riverhead Defendants' motion for dismissal on such grounds. This argument does not explain the reason for Plaintiff's failure to serve the summons. The most the Court can assume is that Plaintiff's failure was due to his inadvertence or mistake, neither of which constitutes good cause. Accordingly, Plaintiff has failed to establish good cause.

The Court may, in its discretion, grant an extension of time to effect proper service despite no showing of good cause. See Fed R. Civ. P. 4(m) advisory committee's note to 1993 amendment (Rule 4(m) "authorizes the court to relieve a plaintiff of the consequences of an application of this subdivision even if there is no good cause shown."); Zapata v. City of N.Y., 502 F.3d 192, 196 (2d Cir. 2007) ("We hold that district courts have discretion to grant extensions [to serve] even in the absence of good cause."). "Federal courts have generally held that, when a plaintiff has failed to complete service within 120 days and has not shown good cause for such failure, the court should dismiss the action rather than grant an extension of time to complete service." Mused v. U.S. Dep't of Agric. Food & Nutrition Serv., 169 F.R.D. 28, 33 (W.D.N.Y.1996). "[T]hough leniency may sometimes be appropriate for those who have in good faith attempted timely service, to afford it to litigants who have failed to make even the most basic efforts would turn Rule 4(m) into a toothless tiger." Id. (alteration in original) (citation omitted).

> The factors to be considered in deciding whether to grant this relief are "(1) whether the applicable statute of limitations would bar the refiled action; (2) whether the defendant had actual notice of the claims asserted in the complaint; (3) whether the defendant had attempted to conceal the defect in service; and (4)

whether the defendant would be prejudiced by the granting of plaintiff's request for relief from the provision."

Morris v. Ford Motor Co., No. 07–CV–424S, 2009 WL 2448473, at *3 (W.D.N.Y. Aug. 7, 2009) (quoting Beauvoir v. U.S. Secret Serv., 234 F.R.D. 55, 58 (E.D.N.Y. 2006)); see Fed. R. Civ. P. 4(m) advisory committee's notes to 1993 amendment.

Here, the applicable statute of limitations would not bar a refiled action against the Riverhead Defendants as Plaintiff alleges the incident in which the Riverhead Police were involved occurred in January 2021. See Lucente v. Cty. of Suffolk, 980 F.3d 284, 308 (2d Cir. 2020) ("[t]he statute of limitations for § 1983 actions arising in New York is three years."). Further, Plaintiff has not proven that defendants had actual notice or concealed a defect in service. Moreover, Plaintiff's failure to effect service appears to have been the result of inadvertence or mistake on the part of Plaintiff. "[I]f the Rules are to mean anything, parties must diligently try to follow them and courts must enforce them, even if that means that cases must sometimes be finally determined on procedural grounds rather than on their substantive merits." Mused, 169 F.R.D. at 35. The requirement under Rule 4 that "a summons shall be served together with a copy of the complaint" is unambiguous. Based upon Plaintiff's own inadvertence or mistake, Plaintiff failed to do so.

Accordingly, this Court recommends that the Riverhead Defendants' motion to dismiss due to deficient service be granted.

III.    Failure To State A Claim

Although this Court recommends dismissal of the Complaint due to deficient process, the Court will also address, for purposes of completeness, the merits of Rule 12(b)(6) motion.

A.      Rule 8

It has long been understood that a defendant may base [a Rule 12(b)(6)] motion on either or both of two grounds: (1) a challenge to the 'sufficiency of the pleading' under Fed. R. Civ. P. 8(a)(2); or (2) a challenge to the legal cognizability of the claim." McNamee v. Scholarie Cty. Jail, No. 9:06-CV-1364 (LEK/GHL), 2008 WL 686796, at *2 (N.D.N.Y. Mar. 10, 2008); see, e.g., 5C Federal Practice § 1363 ("A motion to dismiss for failure to state a claim for relief under Rule 12(b)(6) goes to the sufficiency of the pleading under Rule 8(a)(2).").

The Federal Rules require a pleading to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Each allegation must also be "simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). "Taken together, Rules 8(a) and 8([d])(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules." 5 Federal Practice § 1217. "[U]nnecessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage." Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988).

"When a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative or in response to a motion by the defendant, to strike any portions that are redundant or immaterial or to dismiss the complaint." Id. (internal citation omitted). Rule 8 presents a lenient standard for pleadings. Wynder v. McMahon, 360 F.3d 73, 80 (2d Cir. 2004). Dismissal is only appropriate when the complaint is "so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." Salahuddin, 861 F.2d at 42. When a court dismisses a complaint under Rule 8(a), the court must allow leave to amend the complaint unless "leave to amend has previously been given

and the successive pleadings remain prolix and unintelligible, or where the substance of the claim pleaded is frivolous on its face." Id. (internal citations omitted).

Here, Plaintiff's pleading fails to clear the relatively low bar set by Rule 8. The 33-page Complaint includes one sole reference to the Riverhead Police. See Compl. at 28.  Further, the Complaint is devoid of any mention or allegation against the named Riverhead Defendants, Aguiar and Hegermiller. See generally Compl. In his opposition, Plaintiff admits that Aguiar and Hegmiller lack personal involvement, see Pl.'s Opp. at 7 ("Weather [sic] the Riverhead Defendant were present makes no difference."), and argues that "they are the Supervisors, and they allowed another Police Department to come into their jurisdiction and committed [sic] a crime which their officer participate [sic]" the "fact that they are both supervisor is all that is needed." Pl.'s Opp. at 7.

Construed liberally, Plaintiff appears to base liability on a theory of supervisory liability. "It is well settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." Farid v. Ellen, 593 F.3d 233, 249 (2d Cir. 2010) (internal quotations marks and citation omitted). "A Section 1983 complaint that does not allege the personal involvement of a defendant thus fails as a matter of law." Trotman v. Herod, No. CV 19-3788 (GRB)(LB), 2020 WL 5043934, at *3 (E.D.N.Y. Aug. 26, 2020) (citing Johnson v. Barney, 360 F. App'x 199, 201 (2d Cir. 2010)). Here, because Plaintiff has not made any allegations demonstrating the personal involvement of any of the Riverhead Defendants, he has not alleged a plausible claim.

> Though far from clear from the allegations in the complaint, to the extent that plaintiff seeks to impose liability on any defendant based on the supervisory positions they hold, the Second Circuit recently made clear that "there is no special rule for supervisory liability." Tangreti v. Bachmann, 983 F.3d 609, 618 (2d Cir. 2020). Rather, "[t]o hold a state official liable under § 1983, a plaintiff

must plead and prove the elements of a the underlying constitutional violation directly against the official without relying on a special test for supervisory liability." Id. at 620.

Hall v. Salaway, No. 20-cv-4651, 2021 WL 826169, at *4, n. 3 (E.D.N.Y. Mar. 3, 2021).

Plaintiff's single reference to the Riverhead Defendants – that "about 25 Police Officers from Southold, Riverhead, the Suffolk County Sheriffs, and the US Marshall Service" "[t]he whole group broke and entered the Plaintiffs [sic] residences and assaulted a person with Constitutional authority over them . . ..," Compl. at 28, - is insufficient to state a claim against the Riverhead Defendants. As a result, Plaintiff's claims against Riverhead must be dismissed.

Accordingly, this Court respectfully recommends that the Riverhead Defendants' motion to dismiss for failure to state a claim be granted.

## CONCLUSION

For the foregoing reasons, this Court respectfully recommends that the Riverhead Defendants' motion to dismiss, found at docket entry No. 21 herein, be granted in its entirety.

## OBJECTIONS

A copy of this Report and Recommendation is being provided to the Riverhead Defendants' counsel via ECF.  Furthermore, the Court directs Defense counsel (1) to serve a copy of this Report and Recommendation by first class mail to Plaintiff at his last known address, (2) to serve a copy of this this Report and Recommendation by first class mail to Plaintiff at the Metropolitan Detention Center, and (3) to file proof of service on ECF by August 31, 2022.  Any written objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of filing of this report.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 72(b). Any requests for an extension of time for filing objections must be directed to the District Judge

assigned to this action prior to the expiration of the fourteen (14) day period for filing objections. Failure to file objections within fourteen (14) days will preclude further review of this report and recommendation either by the District Court or Court of Appeals. Thomas v. Arn, 474 U.S. 140, 145 (1985) ("[A] party shall file objections with the district court or else waive right to appeal."); Caidor v. Onondaga Cnty., 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision").

Dated: Central Islip, New York
       August 28, 2022

                                        /s/ Anne Y. Shields
                                        Anne Y. Shields
                                        United States Magistrate Judge