UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

ROBERT WILSON,

               Plaintiff,                             **REPORT AND RECOMMENDATION**

  v.                                                      21-CV-4815 (EK) (ST)

THE SUFFOLK COUNTY DISTRICT
ATTORNEY, *et al.*

               Defendant.
-----------------------------------------------------------X

**TISCIONE, United States Magistrate Judge:**

Before this Court are two separate motions. The first is a motion to dismiss by Defendant Vincent Demarco, United States Marshal for the Eastern District of New York, ("Defendant Demarco") for lack of subject matter jurisdiction, insufficient service of process, and failure to state a claim pursuant to Federal Rules of Civil Procedure ("FRCP") 12(b)(1), 12(b)(5), and 12(b)(6), respectively. The second is a motion to dismiss by Defendant Andrew Cuomo, former Governor for the State of New York, ("Defendant Cuomo") for lack of subject matter jurisdiction and failure to state a claim pursuant to FRCP 12(b)(1) and 12(b)(6). The Honorable Judge Komitee referred both motions to me for a Report and Recommendation. For the reasons stated below, I recommend both motions be GRANTED in their entirety.

## BACKGROUND

The Court will discuss the events leading up to the commencement of this lawsuit briefly because, as is discussed below, Defendants are not alleged to have had any personal involvement in the events making up the alleged violation of Plaintiff's constitutional rights. Plaintiff alleges that leading up to January of 2021, Plaintiff was engaged in an escalating dispute with New York

officials about business licensing and other matters. Compl. at 29, ECF No. 1. Plaintiff maintains that most, if not all, licensing laws in the State of New York are unconstitutional. *See, e.g., id* at 12-16. This dispute escalated to a search of Plaintiff's home and subsequent arrest by state and federal officers which Plaintiff claimed violated his constitutional rights. *Id* at 28-29. Plaintiff also claims he was unlawfully denied medical care while in custody. *Id*.

Plaintiff subsequently filed this lawsuit. His complaint fails to make a specific allegation about Defendant Demarco's conduct. *Id* at 11. As for Defendant Cuomo, Plaintiff alleges solely that Defendant Cuomo signed an executive order which violated Plaintiff's Sixth Amendment rights to a speedy trial. *Id.* at 29.

Defendant Demarco's motion was first filed on October 21, 2022. Demarco Mot. Dismiss, ECF No. 61. Plaintiff sought and obtained an extension to respond until March 1, 2023. *See* Order dated Dec. 14, 2022. Defendant Cuomo subsequently filed his motion to dismiss on December 19, 2022. Cuomo Mot. Dismiss, ECF No. 64. Plaintiff then requested a second extension to respond, which was partially granted in an order setting a deadline of April 17, 2023. Order dated Mar. 14, 2023. Plaintiff served his opposition on Defendant Demarco on April 10, 2023 but did not file the same with the Court. *See* Demarco Letter, ECF No. 70. Defendant Demarco provided the opposition to the Court on May 2, 2023, which the Court deemed filed in order to consider it in providing this Report and Recommendation. *Id.*

## LEGAL STANDARD

**I.   Rule 12(b)(1) Standard.**

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Donahue v. Suffolk County Family Court*, No. 19-CV-03785 (LDH) (LB), 2019 WL 5778076 at *1,

(E.D.N.Y. Aug. 22, 2019) (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)) (internal quotations omitted). Federal Rule of Civil Procedure 12(h)(3) "requires a court to dismiss an action if the court determines at any time that it lacks subject-matter jurisdiction over the action." *Id*. The complainant bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence. *See id*. "In reviewing a Rule 12(b)(1) motion to dismiss, the court 'must accept as true all material factual allegations in the complaint, but [the court is] not to draw inferences from the complaint favorable to plaintiff[ ].'" *Tiraco v. New York State Bd. of Elections*, 963 F. Supp. 2d 184, 190 (E.D.N.Y. 2013) (quoting *J.S. ex rel. N.S. v. Attica Cent. Sch.*, 386 F.3d 107, 110 (2d Cir. 2004)) (alterations in original).

## II.     Rule 12(b)(5) Standard.

"When a defendant moves to dismiss for insufficient service of process under Rule 12(b)(5) of the Federal Rules of Civil Procedure, the plaintiff bears the burden of establishing that service was sufficient." *Mikhaylov v. Y & B Transportation Co.* No. 15-CV-7109 (DLI) (VMS), 2017 WL 1048071, at *2 (E.D.N.Y. Mar. 17, 2017) (quoting *Allstate Ins. Co. v. Rosenberg*, 771 F. Supp.2d 254, 260 (E.D.N.Y. 2011)) (internal quotation marks omitted). Submitting a process server's affidavit creates a rebuttable presumption of proper service. *Id*. In cases where the United States is a defendant, a plaintiff must both deliver a copy of the summons and complaint to the U.S. attorney or civil-process clerk for the district in which the action is brought and "send a copy of each . . . to the Attorney General of the United States at Washington, D.C." Fed. R. Civ. P. 4(i)(B).

## III.    Rule 12(b)(6) Standard.

3

When assessing a Rule 12(b)(6) motion to dismiss, a court must determine whether the complaint states a legally cognizable claim by making allegations that, if proven, would show that the Plaintiff is entitled to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). *Twombly* and *Iqbal* command that all elements of the Plaintiff's claim must be plausibly alleged in the complaint, such that the complaint contains more than "naked assertions," or allegations that amount to "sheer possibility," containing instead "factual content that allows the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678 (*quoting Twombly*, 550 U.S. at 557). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.*

In assessing a motion to dismiss under Rule 12(b)(6), the Court "must accept all factual allegations as true and draw all reasonable inferences in favor of the non-moving party." *Giambrone v. Meritplan Ins. Co.*, 13-CV-7377 (MKB) (ST), 2017 WL 2303980 at *3 (E.D.N.Y. Feb. 28, 2017) (internal quotation marks, citation omitted) (*adopted by Giambrone v. Meritplan Ins. Co.,* 13-CV-7377, 2017 WL 2303507 (E.D.N.Y. May 24, 2017)).

When the Plaintiff is proceeding *pro se*, as here, his complaint "must be construed liberally with 'special solicitude' and interpreted to raise the strongest claims that it suggests." *Hogan v. Fischer,* 738 F.3d 509, 515 (2d Cir. 2013) (quoting *Hill v. Curcione,* 657 F.3d 116, 122 (2d Cir. 2011)). That said, the Court "cannot invent factual allegations that [a *pro se* plaintiff] has not pled." *Chavis v. Chappius,* 618 F.3d 162, 170 (2d Cir. 2010). A *pro se* Plaintiff's factual

4

allegations must still rise to the *Iqbal* and *Twombly* standard and, when accepted as true, "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

## DISCUSSION

At the outset, this Court must address Plaintiff's argument that the Federal Rules of Civil Procedure (the "FRCP") do not govern this case. To summarize, Plaintiff draws a distinction between law and equity, arguing that because this is an action at law, English Common Law applies. Pl. Br. at 2, ECF No. 72. This argument must fail as the FRCP "abolished all procedural distinctions between law and equity, and provided a single form of civil action to take the place of the action at law . . . and of the suit in equity." *Western States Mach. Co. v. S.S. Hepworth Co.*, 2 F.R.D. 145, 146-47 (E.D.N.Y. 1941). The FRCP governs all procedural elements of this case, as has been the case for the better part of the last century.[1]

Turning to Defendants' claims, both Defendants Demarco and Cuomo ague Plaintiff's complaint should be dismissed against them for lack of subject matter jurisdiction and failure to state a claim. Defendant Demarco further argues that Plaintiff has failed to effectuate service of process. For the reasons discussed below, I recommend the motions be GRANTED on all grounds.

### I. This Court Lacks Jurisdiction over Defendants in their Official Capacity.

Plaintiff argues that neither Defendant Demarco, a federal officer, nor Defendant Cuomo, a state officer, should be protected by sovereign immunity. Pl. Br. at 4, ECF No. 72. Plaintiff seems to base this argument off the distinction between actions at law and suits in equity drawn in *Ex parte Young*, 209 U.S. 123, 165-66 (1908). That distinction has been framed as a

---

[1] This also defeats Plaintiff's argument that Defendants Demarco and Cuomo procedurally defaulted by failing to respond to his complaint in the time required by English Common Law. Pl. Br. at 2, ECF No. 72. English Common Law does not govern this case.

distinction between suits for damages and prospective relief, respectively, since the abolishment of the line between law and equity. *See, e.g., Holmes v. Caliber Home Loans Inc.*, No. 16-CV-3344 (KMK), 2017 WL 3267766, at *5 (E.D.N.Y. July 31, 2017). However, Plaintiff's reading of this doctrine is incorrect. Plaintiff asserts that actions at law, or suits for money damages, are not barred by sovereign immunity, whereas *Ex parte Young* and its progeny hold just the opposite. Pl. Br. at 4, ECF No. 72. It is suits at equity, or suits seeking prospective relief, that are not barred by the Eleventh Amendment or otherwise. *Holmes*, 2017 WL 3267766 at *5. Plaintiff admits that his suit is largely a suit for money damages. [2] *See* Pl. Br. at 4, ECF No. 72. Therefore, principles of sovereign immunity govern this case.

### a. Defendant Demarco, as an Officer of the United States, is Immune to Suit in his Official Capacity.

"[T]he United States, as sovereign, is immune from suit save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain suit." *Lehman v. Nakishan*, 453 U.S. 156, 160 (1981) (quoting *Unties States v. Testan*, 424 U.S. 392, 399 (1976)) (internal quotations omitted). Such consent must be "unequivocally expressed" and "[is] not to be implied" *Id* at 160-61 (internal quotations and citations omitted). Thus, waivers of sovereign immunity must be unambiguously expressed in an act of Congress. *See Binder & Binder, P.C. v. Colvin*, 818 F.3d 66 (2d Cir. 2016).

---

[2] In addition to Plaintiff's claims for money damages, Plaintiff also seeks certain prospective forms of relief such as a restraining order against all Defendants and to "[strike] down all Codes and Laws as Unconstitutional." Compl at 6, ECF No. 1. While the Eleventh Amendment does not bar prospective forms of relief against state officials in their official capacity, Plaintiff has failed to allege specific involvement in any constitutional violation by either Defendant. *Holmes v. Caliber Home Loans Inc.*, No. 16-CV-3344 (KMK), 2017 WL 3267766, at *5 (E.D.N.Y. July 31, 2017). Indeed, only Defendant Cuomo is mentioned by name in the complaint, and Plaintiff's claim is insufficient to state a claim as detailed below.

The United States has generally not waived sovereign immunity for constitutional torts such as those alleged by Plaintiff.[3] *See Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994); *Rivera v. United States*, 928 F.2d 592, 608 (2d Cir. 1991). While *Bivens* claims provide some opportunity for plaintiffs to recover against federal officers for violations of constitutional rights, such claims must be brought in an officer's individual capacity. *Id*. Thus, insofar as Plaintiff's complaint is brought in Defendant Demarco's official capacity as an officer of the United States, Defendant is immune from suit.

### b. Defendant Cuomo, as an Officer of the State of New York, is Immune to Suit in his Official Capacity under the Eleventh Amendment.

"[A]s a general matter, states enjoy sovereign immunity from suit in federal court, even if the claim arises under federal law." *Harrison v. New York*, 95 F. Supp 3d 293, 314 (E.D.N.Y. 2015). This immunity pursuant to the Eleventh Amendment is not limited to states alone but extends to state agents and instrumentalities that are "effectively, arms of a state." *Woods v. Rondout Valley Cent. Sch. Dist. Bd. of Educ.*, 466 F3d 232, 236 (2d Cir. 2006). As with the United States, a state may therefore only be sued where the state has consented or where Congress has created an express statutory waiver of sovereign immunity. *Holmes v. Caliber Home Loans, Inc*., No. 16-CV-3344 (KMK), 2017 WL 3267766, at *5 (S.D.N.Y. July 31, 2017) ("It is well-settled that New York State has not consented to being sued in federal court."). Thus any claim brought against Defendant Cuomo in his official capacity as the former Governor of

---

[3] The United States has, however, waived sovereign immunity for common-law tort claims under the Federal Tort Claims Act ("FTCA"). *Rivera*, 928 F.2d at 608. While Plaintiff does not bring claims pursuant to the FTCA in his complaint, this Court would not have subject matter jurisdiction over his complaint even if I were to read the *pro se* complaint as arising under the FTCA. The FTCA requires that claims brought pursuant to the act be first presented to the appropriate federal agency. *Robinson*, 21 F.3d at 510. The failure to exhaust administrative remedies over FTCA claims leaves a district court without subject matter jurisdiction to hear the claim. *Id.* Thus, as Plaintiff failed to bring his claims to the appropriate federal agencies, this Court would not have subject matter jurisdiction even if it were to read his claims as FTCA claims.

New York is, in principle, a claim against New York. As New York is immune from such suits, I recommend that this Court does not have subject matter jurisdiction to hear Plaintiff's claims.[4]

## II.     Plaintiff has Failed to State a Claim Against Either Defendant.

Plaintiff's complaint specifies that both Defendants are being sued in their official capacities. *See* Compl. at 2, 11, ECF No. 1. That said, in deference to Plaintiff's *pro se* status, this Court will proceed to evaluate Plaintiff's claims as if they were brought against each Defendant in their individual capacity. As detailed below, this Court still recommends dismissal as Plaintiff has failed to state a claim against either Defendant.

A constitutional claim against a federal officer such as Defendant Demarco in his individual capacity may be brought pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Such a claim against a state official like Defendant Cuomo may be brought pursuant to a Section 1983 action. In both instances, personal involvement by the defendant in the acts constituting a constitutional violation is essential to stating a claim upon which relief can be granted. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution"); *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir.1995) ("It is well settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.") (internal quotations omitted).

---

[4] Plaintiff nonetheless asserts that Defendants may be held liable in their official capacities because "the 14th Amendment is to be applied liberally." Pl. Br. at 5, ECF No. 72. Plaintiff presents no authority however to support a reading of the 14th Amendment so liberal that it could contradict settled precedent of the Eleventh Amendment. As this Court has found no such authority, Plaintiff's argument must fail.

Plaintiff has failed to allege any facts demonstrating the personal involvement of Defendant Demarco. In fact, apart from appearing as a listed Defendant, the complaint makes no mention of Demarco. *See* Compl. at 11, ECF No. 1. "It is well-settled that 'where the complaint names a defendant in the caption but contains no allegations indicating how the defendant violated the law or injured the plaintiff, a motion to dismiss the complaint in regard to the defendant should be granted.'" *Dove v. Fordham Univ.*, 56 F. Supp. 2d 330, 335 (S.D.N.Y. 1999) (quoting *Morabito v. Blum*, 528 F. Supp. 252, 262 (S.D.N.Y. 1981)), *aff'd*, 210 F.3d 354 (2d Cir. 2000).[5] As such, this Court also recommends dismissal as to Defendant Demarco in his individual capacity.

Plaintiff makes one allegation regarding Defendant Cuomo. He states "The DA office has [missed] their time to [indict] the plaintiff but [defendant] Daniel Ross refused to dismiss the case because he claims that [Defendant] Andrew M. Cuomo signed an executive order extending the time for indictment because of Covid a clear of violation of the 6th Amendment." Compl. at 29, ECF No. 1. The Court notes that it is not clear whether Plaintiff asserts the DA's actions or Defendant Cuomo's violated the 6th Amendment, but I shall proceed presuming it is the latter. "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action" cannot survive a motion to dismiss absent actual factual allegations supporting such a conclusion. *See Ashcroft*, 556 U.S. at 678 (internal quotations and citations omitted). While Plaintiff is *pro se*, a *pro se* Plaintiff's factual allegations must still rise to the *Iqbal* and *Twombly* standard and, when accepted as true, "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Plaintiff has not asserted any factual allegations tending to show that

---

[5] "It is equally established that liability under § 1983 may not be predicated upon a theory of *respondeat superior* or vicarious liability." *Dove*, 56 F. Supp. 2d at 335. Plaintiff's argument based on supervisory liability must therefore fail. *See* Pl. Br. at 4, ECF No. 72.

9

Defendant Cuomo's executive order violated the 6th Amendment, and instead merely concludes the violation is clear. *See* Compl. at 29, ECF No. 1. That is insufficient to survive a 12(b)(6) motion. With no other claim relating to Defendant Cuomo, I therefore recommend the complaint be dismissed as it applies to him.

### III. Plaintiff Failed to Properly Serve Defendant Demarco.

Plaintiff's complaint must also be dismissed for insufficient service of process under FRCP 12(b)(5).[6] Under FRCP 4, which governs service of process, a party seeking to sue an officer of the United States, whether in their individual or official capacity, must also serve process on the United States. Fed. R. Civ. P. 4(i)(2)-(3). In order to serve the United States, a party must "send a copy of [the summons and Complaint] by registered or certified mail to the Attorney General of the United States at Washington, D.C." Fed. R. Civ. P. 4(i)(1). Plaintiff has failed to do so. Service of process rules are traditionally construed liberally for *pro se* plaintiffs. *Romandette v. Weetabix Co., Inc.*, 807 F.2d 309, 311 (2d Cir. 1986). However, dismissal is proper in the case of a *pro se* plaintiff where an opportunity to correct service would be futile as the complaint should be dismissed on other grounds. *See Powell v. James*, No. 21-CV-06149 (GRB) (JMW), 2023 WL 2970137, at *11 (E.D.N.Y. Jan. 12, 2023). Because this Court has recommended dismissal for lack of subject matter jurisdiction and failure to state a claim, the Court also recommends that Defendant Demarco's motion to dismiss for insufficient service of process be GRANTED.

### IV. Plaintiff's Argument that the DOJ and the U.S. Marshall Service Lack Constitutional Authority to Enforce the Laws of the United States is Without Merit.

---

[6] Here again, Plaintiff argues that English Common Law governs this case, and under such law this Court is required to serve the Defendants. Pl. Br. at 4, ECF No. 72. As previously discussed, the FRCP govern this case, not English Common Law.

Plaintiff further argues that the existence of the Department of Justice and the U.S. Marshall Service, and by extension, the appointment of Defendant Demarco are unconstitutional as only "the Militia," and not Congress, has the authority to execute the laws of the United States. *See* Pl. Br. at 4, ECF No. 72. Not only is this argument nonresponsive to the grounds for dismissal put forth by Defendant Demarco, but also the cases cited by Plaintiff do not support his proposition. *See e.g., Carter v. Carter Coal Co.*, 298 U.S. 238, 300-01 (1936) (holding Congress lacked the power to regulate intrastate production of goods pursuant to the commerce clause). The Court is aware of no such authority to support Plaintiff's claim and therefore recommends this argument cannot save the complaint from dismissal.

## CONCLUSION

For the reasons discussed above, this Court should GRANT Defendants' motions to dismiss.

## OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. Failure to file timely objections shall constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals. *See Frydman v. Experian Info. Sols., Inc.*, 743 F. App'x 486, 487 (2d Cir. 2018); *McConnell v. ABC-Amega, Inc.*, 338 F. App'x 24, 26 (2d Cir. 2009); *Tavarez v. Berryhill*, No. 15-CV-5141 (CS) (LMS), 2019 WL 1965832, at *30 (S.D.N.Y. May 1, 2019); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

**SO ORDERED.**

                                           /s/
                                    Steven L. Tiscione
                                    United States Magistrate Judge
                                    Eastern District of New York

Dated: Central Islip, New York
       May 15, 2023