```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------x

 ROBERT WILSON,

                Plaintiff,              MEMORANDUM & ORDER
                                        21-CV-04815(EK)(ST)
         -against-

 THE SUFFOLK COUNTY DISTRICT ATTORNEY,
 et al.,

                Defendant.

-------------------------------------x
```

ERIC KOMITEE, United States District Judge:

       The court has received Magistrate Judge Tiscione's Report and Recommendation ("R&R") dated May 15, 2023. ECF No. 74. Judge Tiscione recommends that I grant motions to dismiss by Vincent DeMarco (the United States Marshal for the Eastern District of New York) and former governor Andrew Cuomo.

       Judge Tiscione recommends that I dismiss plaintiff Wilson's claims against DeMarco under Rule 12(b)(1), (5) and (6) because: (1) the claims against him in his official capacity are barred by sovereign immunity; (2) Wilson did not state a claim against him in his personal capacity; and (3) Wilson did not properly serve him. R&R 6, 8, 10. Judge Tiscione further recommends that I dismiss Wilson's claims against Cuomo under Rule 12(b)(1) and (6) because: (1) claims against him for money damages in his official capacity are barred by Eleventh Amendment immunity; (2) Wilson did not state a claim against him

for injunctive relief in his official capacity; and (3) Wilson did not state a claim against him in his personal capacity. R&R 6–9, 6 n.2.  Wilson has objected.  *See* Pl.'s Obj. 1–2, ECF No. 77.[1]

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).  The district court reviews *de novo* those portions of an R&R to which a party has specifically objected.  *Id.*; Fed. R. Civ. P. 72(b)(3); *see also Kruger v. Virgin Atl. Airways, Ltd.*, 976 F. Supp. 2d 290, 296 (E.D.N.Y. 2013) ("A proper objection is one that identifies the specific portions of the R&R that the objector asserts are erroneous and provides a basis for this assertion."), *aff'd*, 578 F. App'x 51 (2d Cir. 2014).[2]  When considering the objections of a *pro se* litigant, the Court interprets those objections to raise the strongest arguments that they suggest.  *See Spaulding v. N.Y.C. Dep't of Educ.*, 407 F. Supp. 3d 143, 144 (E.D.N.Y. 2017).

---

[1] Wilson served his objections on DeMarco by mail postmarked May 25, 2023, but they were not docketed by the May 29 objection deadline.  *See* DeMarco Letter, ECF No. 76.  After DeMarco apprised the court that Wilson's objections had been served but not filed, I deemed Wilson's objections to be timely filed and ordered that they be docketed.  July 19, 2023 Order.

[2] Unless otherwise noted, when quoting judicial decisions this order accepts all alterations and omits all citations, footnotes, and internal quotation marks.

2

Wilson argues that Judge Tiscione "has no legitimate right to even be employed by" the Eastern District of New York, citing *Lucia v. S.E.C.*, 585 U.S. 237 (2018). Pl.'s Obj. 1. He also argues that the R&R improperly relied on the Federal Rules of Civil Procedure instead of "1791 Common law." *Id.* He further contends that DeMarco and Cuomo are liable as supervisors for the actions of their "subrogates." *Id.* He additionally argues that the Department of Justice is unconstitutional, and that the only constitutional federal law enforcement agency is "the Militia." *Id.* at 1-2.

Wilson's objection includes additional contentions that are inapposite to the R&R and are thus improper objections.

Having conducted a *de novo* review of the R&R, I adopt the R&R in substantial part, with one modest change.

The R&R recommends that Wilson's claims for injunctive relief against Cuomo, in both his official and individual capacities, be dismissed for failure to state a claim. *See* R&R 6 n.2, 8. Specifically, the R&R recommends dismissing these claims because Wilson does not allege Cuomo's personal involvement. *See id.*

As to claims against Cuomo in his official capacity, Cuomo's lack of personal involvement is not necessarily a valid basis for dismissal. As numerous district courts have held, personal involvement of an official sued in his official

3

capacity is not necessary where the plaintiff is seeking only injunctive or declaratory relief under 42 U.S.C. § 1983.  *See, e.g., Puccinelli v. S. Conn. State Univ.*, No. 21-CV-763 (SVN), 2023 WL 4838291, at *13 (D. Conn. July 28, 2023); *see also, e.g., Mercer v. Schriro*, 337 F. Supp. 3d 109, 137 (D. Conn. 2018) (collecting cases).

Nevertheless, these claims against Cuomo are dismissed for a separate, jurisdictional reason: on the existing record, Wilson lacks standing to seek injunctive relief against Cuomo. *See Marcavage v. City of New York*, 689 F.3d 98, 103 (2d Cir. 2012).  Standing to obtain an injunction requires "a sufficient likelihood that [the plaintiff] will again be wronged in a similar way."  *Id.* (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983)).  "That is, a plaintiff must demonstrate a certainly impending future injury."  *Id.*  Wilson has alleged only discrete instances in which purportedly unconstitutional laws were enforced against him.  *See* Compl. 12-33, ECF No. 1.[3] He has not alleged that future injury is certainly impending, and he has "expressed no intent to violate any law in the future."  *Knife Rts., Inc. v. Vance*, 802 F.3d 377, 385 (2d Cir. 2015).

---

[3] As the internal numbering of Wilson's complaint stops after the first section, this pinpoint citation refers to ECF pagination.

Accordingly, DeMarco's and Cuomo's motions to dismiss are granted.

In addition, on February 15, 2024, Wilson filed a brief and exhibits styled as a motion for an order to show cause why summary judgment should not enter in his favor. This filing amounts to a further, yet untimely, set of objections to the R&R, which Wilson did not seek the court's leave to file. ECF No. 78. Objections to the R&R were due on May 29, 2023. *See* R&R 11 (citing 28 U.S.C. § 636(b)(1) and Fed R. Civ. P. 72(b)(2)). In any event, this submission provides no legal or factual basis warranting rejecting or amending the R&R.

Wilson also submitted a letter postmarked February 15, 2024 seeking a conference in this matter. Pl.'s Letter 2, ECF No. 79. That request is denied as moot.

The complaint is dismissed as to defendants DeMarco and Cuomo. Wilson has not filed executed returns of service of his complaint as to any other defendants. By April 1, 2024, Wilson shall show cause why the remaining named defendants should not be dismissed under Fed R. Civ. P. 4(m). If he does

5

not make this showing, the remaining defendants will be so dismissed, and this case will be closed.

        SO ORDERED.

                          /s/ Eric Komitee
                        ERIC KOMITEE
                        United States District Judge

Dated:    February 27, 2024
            Brooklyn, New York